# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:10-CR-19-TLS |
| | ) | |
| CARLOS A. RAMIREZ | ) | |

## OPINION AND ORDER

This matter is before the Court on an Unopposed Petition for Reduction of Sentence [ECF No. 45], filed by Defendant Carlos A. Ramirez on April 15, 2019. The Defendant's Motion is based on Amendment 782, which reduced by 2 levels the base offense levels assigned to drug quantities. The Defendant requests that his original sentence of 87 months of imprisonment, which was the low end of the Guideline range applicable when he was sentenced on October 4, 2010, be reduced to 70 months, which represents the low end of the Guideline range under the current Guidelines, as amended effective November 1, 2014.

There are limited grounds to revisit a sentence after it is imposed. *See* 18 U.S.C. § 3582(c). An exception exists

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) (noting that a court may reduce a sentence under § 3582(c)(2) "if (1) the original sentence was 'based on' a subsequently lowered sentencing range and (2) the reduction is consistent with the policy statements issued by the Commission"). A reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with the

applicable policy statement if an "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, Application Note 1(A).

The Defendant cites to Amendments 782 to the Sentencing Guidelines, which reduced by 2 levels the base offense levels assigned to drug quantities in § 2D1.1. Here, this guideline amendment has the effect of lowering the guideline range that is applicable to the Defendant. (*See* Addendum to the Presentence Report, ECF No. 46 (calculating new guideline range pursuant to the 2014 United States Sentencing Guideline Amendments).) The original range of 87 to 108 months was based on a total offense level of 29 and a Criminal History Category of I. The amended Total Offense Level is lowered to 27, and the new sentencing guideline range is 70 to 87 months imprisonment. Additionally, because the Defendant was found to meet the criteria set for imposition of a sentence in accordance with the applicable guidelines, without regard to any statutory minimum sentence, *see* 18 U.S.C. § 3553(f), the operation of a statutory mandatory minimum does not preclude a reduction.

The Addendum provided by the U.S. Probation Office does not identify any public safety factors that would adversely impact the Court's decision. The Court has considered the Defendant's offense of conviction, the kinds of sentences available, the Defendant's sanctioned disciplinary incidents since incarceration (there was one for Phone Abuse), and other post sentencing conduct. Having now considered the Unopposed Motion, and the sentencing factors of § 3553(a), the Court will reduce the Defendant's sentence to 70 months imprisonment for Count 2. The Bureau of Prisons is responsible for the calculation of good time credits and release date.

## CONCLUSION

Based on the above, the Court hereby ORDERS that:

1. The Unopposed Petition for Reduction [ECF No. 45] is GRANTED; the Defendant's Motion [ECF No. 42] is RENDERED MOOT;

2. An Amended Judgment be entered reducing the Defendant's sentence to 70 months;

3. The provisions of the Defendant's judgment of October 4, 2010, shall otherwise remain unchanged; and

4. This Opinion and Order, as well as the Amended Judgment, be provided to the Bureau of Prisons.

SO ORDERED on April 17, 2019.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT